JORAM RAUCHWERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rauchwerger v. Commissioner
Docket No. 370-77.
United States Tax Court
T.C. Memo 1978-177; 1978 Tax Ct. Memo LEXIS 339; 37 T.C.M. (CCH) 758; T.C.M. (RIA) 780177; May 11, 1978, Filed *339 Held, petitioner was not "away from home" when he incurred traveling expenses. Joram Rauchwerger, pro se. Osmun R. Latrobe, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $797.00 deficiency in petitioner's 1973 Federal income taxes. The only issue we must decide is whether petitioner was away from home when he incurred traveling expenses in pursuit of his trade or business. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner timely filed his 1973 Federal income tax return. When he filed his petition herein he was a legal resident of Tulsa, Oklahoma. *340 Petitioner was a resident of Tulsa, Oklahoma, for approximately 16 years prior to April 1973. In April, he accepted employment as a portrait sales consultant for Chromalloy Photographic Industries (hereinafter Chromalloy), a St. Louis, Missouri, based firm. In early April 1973, after accepting employment with Chromalloy, petitioner flew to St. Louis, Missouri, for a week of training as a portrait salesman. On April 13, 1973, after completing his training, petitioner was given his assignments in various cities. In his employment with Chromalloy petitioner visited assigned cities where he picked up shipments of photographs previously ordered by Chromalloy's customers. Petitioner personally delivered one 8 X 10 inch print to each customer and offered to sell the customer additional prints from a finished portfolio. Petitioner was paid a commission on all sales he made. From April 13, 1973, to December 21, 1973, petitioner visited 44 cities assigned to him by Chromalloy. During these 8 months, petitioner traveled to locations in 15 states including Wisconsin, New York, Virginia, and Texas. Typically, petitioner visited a city for four or five days, spent a day traveling *341 to the next city where he would again spend four or five days. He was scheduled to work or travel six days a week, with Sunday his only day off. Petitioner maintained this travel schedule continuously from April 13 through December 21, 1973. During his employment with Chromalloy in 1973, petitioner once drove through Tulsa, on his way to Houston, Texas. After December 21, 1973, he briefly visited Tulsa during the Christmas holidays. From April 13, 1973 until the end of December, petitioner spent a total of two weeks in the St. Louis, Missouri, area. As earlier mentioned, he spent his first week of employment with Chromalloy in St. Louis undergoing a weeklong training session. During the week of October 8, 1973 to October 15, 1973, he worked as a traveling salesman, in the St. Louis area. Although petitioner did not work or live in the Tulsa area following his employment with Chromalloy, his father and step-mother allowed him to store his belongings in a spare bedroom in their Tulsa home. His mail was also sent primarily to their address, although some was delivered to his natural mother's Tulsa home. During the period April 13, 1973 through the end of 1973, petitioner *342 incurred the following traveling expenses which he deducted on his 1973 Federal income tax return: Lodging (222 days)
$2,748.00
Meals ( $6 per day)
1,332.00
Tips and baggage charges
150.00
Laundry and cleaning
131.00
Total travel expenses:
$4,361.00
Respondent disallowed this deduction because petitioner failed to show he was "away from home" when he incurred these expenses. OPINION Section 162(a) (2) [1] allows a deduction for all ordinary and necessary business expenses including "traveling expenses * * * while away from home in the pursuit of a trade or business." Petitioner incurred certain traveling expenses in the pursuit of his business, the only issue we must decide is whether he incurred these expenses "while away from home." Petitioner contends that his tax home was either St. Louis, Missouri, Chromalloy's headquarters, or Tulsa, Oklahoma, the site of his historical residence. In either event petitioner claims he incurred his traveling expenses away from home. Respondent contends that petitioner was an itinerant and therefore had no permanent tax home. Consequently, *343 petitioner was never away from home and therefore, his traveling expenses are not deductible. The Supreme Court in , indicated that a taxpayer may only deduct traveling expenses if they were reasonable and necessary, incurred while away from home, and incurred in the pursuit of business. Generally an employee's tax home is his principal place of employment. It is possible, however, that an employee without a principal place of employment may treat his abode or primary residence as his tax home. See . If, however, a taxpayer, without a principal place of business, has no permanent residence, he may have no tax home from which he can be away. . . [2] One theory frequently relied upon in denying deductions for taxpayers who travel, but have no permanent abode, is that they have incurred no substantial duplicate expenses. See, e.g., ; . *344 In the case before us we believe that petitioner has failed to demonstrate a permanent tax home from which he was away in 1973. Although Chromalloy had its headquarters in St. Louis, Missouri, Chromalloy's headquarters do not qualify as petitioner's principal place of business. He visited St. Louis for a total of only two weeks during 1973; one week in a training program, and one week as a traveling salesman. Petitioner's work occurred "on the road" in the 44 cities in 15 states he visited during 1973. Accordingly, we must reject petitioner's contention that St. Louis was his principal place of business and hence his tax home. Petitioner next contends his historical residence, Tulsa, Oklahoma, should be considered his tax home. We must reject this contention also. Petitioner drove through Tulsa only once during the period April 13, 1973 to December 21, 1973. He maintained no continuing abode, he incurred no substantial living expenses and there is no evidence he paid his father and step-mother for the room in which he stored his belongings. *345 Although petitioner's mail was usually sent to his father's residence, some was also sent to his mother's residence. Indeed, petitioner had the trappings of an itinerant: belongings and possessions were stored where most convenient, mail was delivered to next-of-kin. We simply cannot conclude that petitioner had sufficient continuing contacts with Tulsa for it to qualify as his tax home in 1973. Having no significant duplicate expenses in maintaining a permanent home, petitioner's need for and justification of traveling expense deductions is vitiated. Since we conclude petitioner had no permanent tax home from which he could be away, we must deny petitioner's deduction of his traveling expenses. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. See also ; .↩